22-6367
Fu v. Garland

BIA
Nelson, IJ
A206 085 920

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1.  WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").  A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 21st day of March, two thousand twenty-four.

PRESENT:
> RICHARD C. WESLEY,
> GERARD E. LYNCH,
> BETH ROBINSON,
> *Circuit Judges.*

_____

YE GUANG FU,
> *Petitioner,*

v.                                                          **22-6367**
                                                             **NAC**

MERRICK B. GARLAND, UNITED STATES ATTORNEY GENERAL,
> *Respondent.*

_____

FOR PETITIONER:                Joshua Bardavid, Esq., New York, NY.

**FOR RESPONDENT:**            Brian Boynton, Principal Deputy Assistant Attorney General; Brianne Whelan Cohen, Senior Litigation Counsel; Lindsay Corliss, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Ye Guang Fu, a native and citizen of the People's Republic of China, seeks review of a June 28, 2022 decision of the BIA affirming a June 5, 2018 decision of an Immigration Judge ("IJ") denying his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Ye Guang Fu*, No. A206 085 920 (B.I.A. June 28, 2022), *aff'g* No. A206 085 920 (Immig. Ct. N.Y.C. June 5, 2018). We assume the parties' familiarity with the underlying facts and procedural history.

We have reviewed the IJ's decision as supplemented by the BIA. *See Yan Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir. 2005). We review adverse credibility determinations "under the substantial evidence standard," *Hong Fei Gao v. Sessions*, 891 F.3d 67, 76 (2d Cir. 2018), and "the administrative findings of fact are conclusive unless any reasonable adjudicator would be compelled to conclude to

2

the contrary," 8 U.S.C. § 1252(b)(4)(B).

"Considering the totality of the circumstances, and all relevant factors, a trier of fact may base a credibility determination on . . . the consistency between the applicant's or witness's written and oral statements (whenever made and whether or not under oath, and considering the circumstances under which the statements were made), the internal consistency of each such statement, the consistency of such statements with other evidence of record . . . , and any inaccuracies or falsehoods in such statements, without regard to whether an inconsistency, inaccuracy, or falsehood goes to the heart of the applicant's claim, or any other relevant factor." *Id.* § 1158(b)(1)(B)(iii). "We defer . . . to an IJ's credibility determination unless, from the totality of the circumstances, it is plain that no reasonable fact-finder could make such an adverse credibility ruling." *Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 167 (2d Cir. 2008); *accord Hong Fei Gao*, 891 F.3d at 76.

Substantial evidence supports the IJ's adverse credibility determination. Fu testified before the IJ that he was arrested, detained, interrogated, and beaten for attending an underground church in China and that his wife had to pay a fine to secure Fu's release from prison. But Fu's testimony was inconsistent with the

3

statements given at his credible fear interview at least with respect to who paid the fine, whether he knew the amount of the fine when it was paid, and whether he knew the full name of Jing Guang Chen, the individual who introduced him to Christianity. In addition, during his credible fear interview, Fu entirely omitted the allegation that he was beaten by police during his alleged interrogation, even when the asylum officer conducting the interview asked him multiple times to explain "anything" that happened during the interrogation.

Fu attempted to explain many of these inconsistencies and omissions by testifying that he was confused and nervous during the credible fear interview. But "[a] petitioner must do more than offer a plausible explanation for his inconsistent statements to secure relief; he must demonstrate that a reasonable fact-finder would be *compelled* to credit his testimony." *Majidi v. Gonzales*, 430 F.3d 77, 80 (2d Cir. 2005) (internal quotation marks omitted) (quoting *Zhou Yun Zhang v. INS*, 386 F.3d 66, 76 (2d Cir. 2004)). Fu has not shown that a reasonable fact-finder would be compelled to credit his explanation based on confusion and nerves.

Fu's explanations for other inconsistencies were, themselves, inconsistent with each other. For example, at one point in the hearing, Fu testified that he was

4

not sure why he had previously said that he did not know Chen's full name because he had "always known" his full name since meeting him in China. At another point, however, he testified that he did not learn Chen's full name until after he arrived in the United States. The IJ was not compelled to credit either of those explanations for why Fu had previously stated that he did not know Chen's full name.

Fu also argues that the IJ should not have considered the statements he made at his credible fear interview because the interview record was not reliable since the interview was conducted in Mandarin even though his best language is Fuzhou. But he did not express a lack of understanding during the interview, he confirmed that he understood the purpose of the interview, his application reflects that he is fluent in Mandarin, and he admitted at the hearing that he understood the Mandarin interpreter during the interview. Further, the interview record contained sufficient indicia of reliability: the interview was memorialized in a typewritten document that indicated the questions asked of Fu and the responses that Fu gave, and the questions asked were designed to elicit the basis for Fu's asylum claim. For all those reasons, the IJ properly relied on the record of the credible fear interview in assessing Fu's credibility. *See Ming Zhang v. Holder*, 585

F.3d 715, 725 (2d Cir. 2009) (concluding that credible fear interview record was reliable for purposes of assessing credibility where the interviewing officer explained the purpose of the interview and informed petitioner that she could seek clarification, the questions were designed to elicit a basis for an asylum claim, the interview was memorialized in a typewritten document setting forth questions and responses and was conducted with the aid of an interpreter, and the applicant did not contend that she did not understand the questions).

Because it was not improper for the agency to consider the inconsistencies between Fu's hearing testimony and the statements at his credible fear interview, there was substantial evidence to support the adverse credibility determination. *See Likai Gao v. Barr*, 968 F.3d 137, 145 n.8 (2d Cir. 2020) ("[E]ven a single inconsistency might preclude [a non-citizen] from showing that an IJ was compelled to find him credible. Multiple inconsistencies would so preclude even more forcefully."); *Xiu Xia Lin*, 534 F.3d at 167 (noting that the "cumulative effect" of multiple inconsistencies can support an adverse credibility determination). The adverse credibility determination is dispositive of asylum, withholding of removal, and CAT relief because all three claims are based on the same factual predicate. *See Hong Fei Gao*, 891 F.3d at 76.

Finally, Fu's argument that the agency should have considered his fear of persecution based on his practice of Christianity in the United States independently from the adverse credibility determination fails. First, because the IJ's adverse credibility determination was supported by substantial evidence, there was no credible evidence to suggest that Fu would be "singled out" for persecution.[1] Second, as the Government points out, to the extent that Fu argues that the IJ should have considered whether he had shown a "pattern or practice" of persecution of similarly situated people, *see* 8 C.F.R. § 1208.13(b)(2)(iii), he did not raise that claim on appeal to the BIA, so the issue is unexhausted and not properly before us. *See Ud Din v. Garland*, 72 F.4th 411, 419–20 & n.2 (2d Cir. 2023) (explaining that the issue exhaustion requirement is a claim-processing rule that is "mandatory in the sense that a court must enforce the rule if a party properly raises it" (internal quotation marks omitted) (quoting *Fort Bend County v. Davis*, 587 U.S. ----, 139 S. Ct. 1843, 1849 (2019))).

---

[1] Fu also submitted letters from his wife and a friend in China to corroborate his testimony, but the BIA concluded that those letters were entitled to minimal weight and were therefore insufficient to rehabilitate his testimony or independently establish his claim. Fu does not argue that we should give those letters greater weight, and, indeed, "[w]e defer to the agency's determination of the weight afforded to [a non-citizen's] documentary evidence," *Y.C. v. Holder*, 741 F.3d 324, 334 (2d Cir. 2013).

For the foregoing reasons, the petition for review is DENIED.  All pending

motions and applications are DENIED and stays VACATED.

FOR THE COURT:
Catherine O'Hagan Wolfe,
Clerk of Court